**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
LEWY LAUREANO-CAPELLAN,
*on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                            *Plaintiff,*

                          *- against -*

WAYNE CHIRICHELLA, RUSSELL DYSON, AMBER ELEVATOR INSPECTIONS INC. d//b/a ALLBORO & AMBER ELEVATOR INSPECTIONS, "JOHN DOES", name fictitious, actual names and number of such persons being unknown, and "XYZ CORPORATIONS", name fictitious, actual name and number of such corporations being unknown d/b/a ALLBORO & AMBER ELEVATOR INSPECTIONS,

                          *Defendants.*
----------------------------------------------------------------X

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**Jury Trial Demanded**

<u>**COMPLAINT**</u>

Plaintiff Lewy Laureano-Capellan ("**Plaintiff**" or "**Laureano**"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, bring this complaint against Defendant Wayne Chirichella ("**Chirichella**"), Defendant Russell Dyson ("**Dyson**"), Defendant John Does (together with Chirichella, and Dyson the "**Individual Defendants**"), Defendant Amber Elevator Inspections Inc. (d/b/a Allboro & Amber Elevator Inspections) and Defendants XYZ Corporations (d/b/a Allboro & Amber Elevator Inspections) (together with Amber Elevator Inspections Inc., the "**Corporate Defendants**", and together with the Individual Defendants, the "**Defendants**") and states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly

1

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("**FLSA**"), and violations of Articles 6 and 19 of the New York State Labor Law ("**NYLL**") and their supporting New York State Department of Labor regulations.

2. Plaintiff alleges pursuant to the FLSA and the NYLL, that he (and similarly situated individuals) is entitled to recover from the Defendants: (1) unpaid wage/minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) spread of hours pay, (5) unlawfully deducted wages from Plaintiff's salary, (6) up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay on each pay day, pursuant to the New York State Wage Theft Prevention Act ("**WTPA**"), (7) up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub that accurately and truthfully lists the employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, pursuant to the WTPA, (8) prejudgment and post-judgment interest; and (9) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF LAUREANO

6. Plaintiff Laureano is a resident of New York, New York.

7. Plaintiff Laureano was employed as a sales representative and general worker at Allboro & Amber Elevator Inspections from on or around January 1, 2019 through and including October 25, 2019.

8. Plaintiff Laureano was employed as a non-managerial employee at Allboro & Amber Elevator Inspections from on or around January 1, 2019 through and including October 25, 2019.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT AMBER ELEVATOR INSPECTIONS INC. (d/b/a ALLBORO & AMBER ELEVATOR INSPECTIONS)

10. Upon information and belief, Defendant Amber Elevator Inspections Inc. (d/b/a Allboro & Amber Elevator Inspections) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 150-50 10th Ave., Flushing, NY 11357.

11. At all times relevant to this Complaint, Defendant Amber Elevator Inspections Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12. At all times relevant to this Complaint, Defendant Amber Elevator Inspections Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13. At all times relevant to this Complaint, Defendant Amber Elevator Inspections Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS XYZ CORPORATIONS d/b/a ALLBORO AMBER ELEVATOR INSPECTIONS**

14. Defendants XYZ Corporations are fictitious corporate entities organized under the laws of New York for the purpose of operating or assisting with the operation of Allboro & Amber Elevator Inspections.

15. The true names of Defendants XYZ Corporations are unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true names when they have been ascertained.

16. At all times relevant to this Complaint, Defendants XYZ Corporations (i) have had and continue to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) have had and continue to have an annual gross volume of sales of not less than $500,000.00.

17. At all times relevant to this Complaint, Defendants XYZ Corporations were and are a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

18. At all times relevant to this Complaint, Defendants XYZ Corporations were and are an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

4

employed employees, including Plaintiff.

**DEFENDANT WAYNE CHIRICHELLA**

19. Defendant Wayne Chirichella is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20. Defendant Wayne Chirichella is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

21. Defendant Wayne Chirichella possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

22. Defendant Wayne Chirichella determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

23. At all times relevant to this Complaint, Defendant Wayne Chirichella was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT RUSSELL DYSON**

24. Defendant Russell Dyson is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25. Defendant Russell Dyson is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

26. Defendant Russell Dyson possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

27. Defendant Russell Dyson determined the wages and compensation of employees,

including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28. At all times relevant to this Complaint, Defendant Russell Dyson was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS JOHN DOES**

29. Defendants John Does, whose names are fictitious, actual names are unknown, upon information and belief are individual engaging (or who were engaged) in business within this judicial district during the relevant time period.

30. Defendants John Does are sued individually and in their capacity as owners, officers and/or agents of the Corporate Defendants.

31. Defendant John Does possess or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

32. Defendant John Does determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

33. At all times relevant to this Complaint, Defendant John Does were and are an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

34. Defendants own, operate and/or control an elevator maintenance and service company located at 150-50 10th Ave., Flushing, NY 11357.

35. The Individual Defendants possess operational control over the Corporate

Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

36. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

38. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

39. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

40. Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants as an entity legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

    b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d.    operating the Corporate Defendants for their own benefit as the majority shareholder;

    e.    operating the Corporate Defendants for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    f.    intermingling assets and debts of their own with the Corporate Defendants;

    g.    diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

    h.    other actions evincing a failure to adhere to the corporate form.

41. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

42. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

43. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

44. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

45. Plaintiff was an employee of Defendants.

46. Plaintiff worked as a sales representative and general worker at Allboro & Amber Elevator Inspections located at 150-50 10th Ave., Flushing, NY 11357.

47. At Allboro & Amber Elevator Inspections, Plaintiff regularly worked in excess of 40 hours per week.

48. From approximately January 1, 2019 until on or about October 25, 2019 Plaintiff worked seven days a week, from approximately 7:00 a.m. to 5:00 p.m. (for a total of 10 hours each day), for a total period of 70 hours during each of the weeks, respectively.

49. Throughout his employment with Defendants, Plaintiff was primarily paid his wages in cash. However, on occasion, Defendants paid Plaintiff his wages in a combination of cash and check.

50. From approximately January 1, 2019 until on or about October 25, 2019, Defendants paid Plaintiff a fixed salary of $600 per week.

51. On several occasions, Defendants made unlawful deductions from Plaintiff's salary. For example, on at least four occasions, Defendant deducted $200 - $300 from Plaintiff's salary without his written or verbal consent.

52. Plaintiff's wages did not vary even when he was required to stay later or work a longer day than his usual schedule.

53. For example, Defendants required Plaintiff Antonio to continue working 30 minutes after to his scheduled end time on several occasions, and did not pay him for the additional time he worked.

54. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

55. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

56. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

57. Defendants did not provide Plaintiff a statement of wages, as required by NYLL

195(3).

58. Defendants did not give any notice to Plaintiff, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

59. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

60. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff brings the First, Second, Third, Fourth, and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to busboys, and delivery workers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("**FLSA Collective Plaintiffs**").

62. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, and one and a half times this rate for work in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

63. The First, Second, Third, Fourth, and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and

others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

64. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

65. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

66. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

67. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

68. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

69. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

71. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

72. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

73. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

74. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

75. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

77. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

78. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant

to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

79. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

80. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("**NYDOL**") Regulations.

81. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one- and one-half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

82. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

83. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

85. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

86. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten hours.

87. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 at seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

88. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

89. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

90. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

91. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

92. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

93. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

94. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

95. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

96. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

97. NYLL § 193(1) prohibits employers from making any unlawful deductions from the wages of an employee.

98. As described above, on repeated occasions Defendants deducted wages from Plaintiff's wages without his consent.

99. Plaintiff is entitled to all money unlawfully deducted from his wages throughout his employment.

100. As a result of Defendant's violation of NYLL §193(1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the

action, pursuant to the NYLL §198 (1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants have violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h. declaration that Defendants violated the unlawful deductions provisions of the NYLL and NYDOL regulations;

i. awarding Plaintiff unpaid minimum wages;

j. awarding Plaintiff unpaid overtime wages;

k. awarding Plaintiff unpaid spread-of-hours pay;

l. awarding Plaintiff unpaid unlawful deductions from his wages;

m. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

n. awarding unpaid wages under the NYLL and the New York State contract law;

o. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

p. awarding Plaintiff pre- and post-judgment interest under the NYLL;

q. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

r. Such other relief as this Court deems just and proper.

Dated: New York, New York
January 22, 2020                                            Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua D. Levin-Epstein
Levin-Epstein & Associates, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*