# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
LEWY LAUREANO-CAPELLAN,
*on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

*Plaintiff,*

- against -

WAYNE CHIRICHELLA, RUSSELL DYSON, AMBER ELEVATOR INSPECTIONS INC. d//b/a ALLBORO & AMBER ELEVATOR INSPECTIONS, "JOHN DOES", name fictitious, actual names and number of such persons being unknown, and "XYZ CORPORATIONS", name fictitious, actual name and number of such corporations being unknown d/b/a ALLBORO & AMBER ELEVATOR INSPECTIONS,

*Defendants.*
-------------------------------------------------------------------X

Case: 20-cv-00360

**SETTLEMENT AGREEMENT**

    This Settlement Agreement ("**Agreement**") is entered into by and among Plaintiff Lewy Laureano-Capellan ("**Plaintiff**") on the one hand, and Amber Elevator Inspections Inc. (d//b/a Allboro & Amber Elevator Inspections) (the "**Defendant Corporation**"), Wayne Chirichella, and Russell Dyson (together, the "**Individual Defendants**," and together with the Defendant Corporation, "**Defendants**"), on the other hand. Plaintiffs and Defendants are collectively referred to in this agreement as the "**Parties**."

    WHEREAS, Plaintiff was previously employed by Defendants as a sales representative and general worker at the elevator maintenance and service company operated by Defendants;

    WHEREAS, Plaintiff has alleged, *inter alia*, that Defendants failed to pay him minimum wages, overtime wages, spread-of-hours pay, and failed to furnish him with proper wage notices and accurate weekly wage statements in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("**FLSA**"), the New York Labor Law, N.Y. Lab. Law §§ 190,650 *et seq*. ("**NYLL**"), and the New York Wage Theft Prevention Act ("**WTPA**") for his work at the elevator maintenance and service company (the "**Claims**");

    WHEREAS, based on such allegations, on January 22, 2020, Plaintiff commenced an action in the United States District Court for the Eastern District of New York (the "**Court**"), captioned *Laureano-Capellan v. Chirichella et al* Case No. 20-cv-00360 (the "**Pending Action**") against Defendants;

WHEREAS, the Parties engaged in extensive arm's-length settlement negotiations regarding settlement of the Claims;

WHEREAS, the purpose of this Agreement is to settle fully and finally, and forever compromise and discharge, the Claims and all other claims that the Parties have, had, or may have had against each other;

WHEREAS, the Parties have analyzed and evaluated the merits of the Claims made against the Defendants and the defenses raised by the Defendants, and based upon that analysis and evaluation, and recognizing the substantial risks and expense of litigating the Claims, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Parties;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 3 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifty Thousand Dollars (**$50,000**) (the "**Settlement Amount**") to be paid to Plaintiff's attorneys in installments as follows:

(a) A payment in the amount of Forty Thousand Dollars ($40,000.00) made payable to "Levin-Epstein and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within thirty (30) days after court approval of the settlement agreement (the "**Initial Payment**"). Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b) A payment in the amount of Ten Thousand Dollars ($10,000.00) made payable to "Levin-Epstein and Associates , P.C., as Attorneys for Plaintiff," for immediate deposit, delivered to Plaintiff's counsel on or before the latter of: (i) December 31, 2020; or (ii) thirty (30) days following the Court's approval, should said approval occur after December 1, 2020. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

All of the checks/payments set forth above shall be delivered to the office of Levin-Epstein & Associates, P.C. to the attention of Joshua Levin-Epstein, Esq. 420 Lexington Ave., Suite 2525, New York, NY 10170. Failure to deliver said payments shall constitute a default under the Agreement.

2. Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiff's counsel confession of judgment ("**Confession** of **Judgment**") in the form annexed hereto as **Exhibit A**. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above and (ii) Defendants fail to cure such default within five (5) business days of receipt of written notice (to be delivered to Defendants' counsel by email ma@thealliancelawyers.com) and regular mail, via Defendants' counsel Michael Alliance, Esq. 30 Pinewood Road, Roslyn, NY 11576. Any such notice of default shall be deemed received five (5) business days after it is mailed.

Plaintiff's counsel warrants that the Confession of Judgment of Defendants, will be null and void, annulled and discarded if and when the Defendants have made payments on all payments and installments as set forth in paragraph 1(a) through 1(b). This will have no effect on Defendants' obligations under this agreement nor constitute a waiver of Plaintiff's rights to enforce this agreement as against any Defendant.

3. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, including Allboro Elevator Inspections and Allboro & Amber Elevator Inspections, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, and all other persons, firms, corporations, companies, associations, and partnerships from any and all claims in this action, and from any and all labor claims, and from any and all charges, complaints, claims, actions, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, accrued or unaccrued, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff, his heirs, executors, administrators, successors and assigns, at any time has, had, claims or claimed to have against Defendants including or relating to the claims in the Litigation that have occurred as of or from the beginning of time through the Effective Date of this Agreement. The claims released by Plaintiff include any and all claims against Defendants concerning Plaintiff's employment with or arising from his employment with Defendants pursuant to the FLSA and the New York Labor Law, including claims for unpaid overtime, unpaid minimum wage, unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4), unlawful deductions from wages, as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3). Plaintiff understands that he is releasing any and all claims asserted against Defendants pursuant to the FLSA and New York Labor Law as of or from the beginning of time through the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of or from the beginning of time through the Effective Date of this Agreement.

Plaintiff agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiff in Paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file with the Court in this litigation along with the executed Settlement Agreement for approval, a Notice of Voluntary Dismissal with

Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6.  Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7.  Acknowledgment: Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.  Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

| To Plaintiffs: | To Defendants: |
|---|---|
| Jason Mizrahi, Esq. | Michael Alliance, Esq |
| Joshua D. Levin-Epstein, Esq. | 30 Pinewood Road |
| 420 Lexington Ave., Suite 2525 | Roslyn, NY 11576 |
| New York, NY 10170 | Tel: (516) 669-1333 |
| Tel: (212) 317-1200 | |
| joshua@levinepstein.com | ma@thealliancelawyers.com |
| Jason@levinepstein.com | |

9.  Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Jason Mizrahi, Esq. of Joshua D. Levin-Epstein, Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and

after an opportunity to consult with his attorneys. Plaintiff confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12. **Counterparts**: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

**LEWY LAUREANO-CAPELLAN**

Date: _____    By: _____
                              Lewy Laureano-Capellan

**Defendants:**

**AMBER ELEVATOR INSPECTIONS INC. D/B/A ALLBORO & AMBER ELEVATOR INSPECTIONS**

By: _[signature]_    Date: 6-29-2020
Print Name: Russell Dyson

**WAYNE CHIRICHELLA**

Date: 7/02/20    By: _[signature]_
                      Wayne Chirichella

**RUSSELL DYSON**

Date: 6-29-2020    By: _[signature]_
                         Russell Dyson

after an opportunity to consult with his attorneys. Plaintiff confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12.     **Counterparts**: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

**LEWY LAUREANO-CAPELLAN**

Date: 06/30/2020     By: _/s/ Lewy Laureano_
                              Lewy Laureano-Capellan

**Defendants:**

**AMBER ELEVATOR INSPECTIONS INC. D/B/A
ALLBORO & AMBER ELEVATOR INSPECTIONS**

By: _____
Print Name: _____     Date: _____

**WAYNE CHIRICHELLA**

Date: _____     By: _____
                                  Wayne Chirichella

**RUSSELL DYSON**

Date: _____     By: _____
                                  Russell Dyson